UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:03cr00045-D

TIMMY GASTON  DEFENDANT

OPINION DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

Presently before the Court is Defendant, Timmy Gaston's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), based on retroactive Amendment 706 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c), which reduced the base offense level assigned to each threshold quantity of cocaine base, crack cocaine, downward by two levels. *See* U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). After considering the motion, the response and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

On May 8, 2003, defendant Gaston plead guilty to one-count information for knowingly and intentionally possessing crack cocaine with the intent to distribute. Defendant was sentenced on September 4, 2003 after a presentence investigation report was completed. Defendant Gaston's criminal record qualified him as a career offender under U.S.S.G. §4B1.1 and he was sentenced as a career offender. Defendant admits that he was sentenced as a career offender. Defendant now argues that the downward departure he received "obviated" the career offender enhancement but has failed to cite any authority to support such argument.

The defendant's motion is based on Amendment 706 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c), which reduced the base offense level assigned to each

threshold quantity of cocaine base, crack cocaine, downward by two levels. *See* U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007).

*B. Discussion*

By his current motion, defendant urges that he should be resentenced under § 3582(c)(2), which allows a district court to reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines. The court may reduce the sentence, only if such a reduction is consistent with the policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1). Here, the relevant policy statement, USSG § 1B1.10(a)(2)(B), provides:

> (a) Authority:
>
> (2) Exclusions-A reduction in the defendant's term of imprisonment is not consistent with the policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if- -
>
> (B) [Amendment 706] does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2)(B).

In *United States v. Blake*, the Southern District of Texas denied a § 3582 motion for reduction of sentence in which the defendant Blake, who was sentenced as a career offender, argued that his sentence was based on a sentencing range that was subsequently lowered. The district court found that "[e]very circuit court, and virtually every district court, to have considered this issue has rejected such arguments." *Blake*, 2008 WL 4747215, *2 (S.D.Tex., Oct. 28, 2008). The *Blake* court continued, "[t]hese courts have held that a defendant sentenced as a career offender is ineligible for a reduced sentence under Amendment 706 because it has no effect on the Guideline range. Although the Amendment lowered base offense levels, if the final

offense level was determined by § 4B1.1, the career offender guideline, Amendment 706 did not alter the sentencing range. As a result, the courts have held that district courts lack authority to reduce such sentences." *Blake*, 2008 WL 4747215, *2.

The Southern District of Mississippi has also rejected this same argument in *United States v. Ladejobi*, 2009 WL 926992 (S.D. Miss. April 2, 2009). The *Ladejobi* court denied the defendant's § 3582 motion for reduction of sentence because Ladejobi's sentence was calculated under § 4B1.1, not the quantity of crack cocaine. Therefore, the amendment upon which Ladejobi relied did not have the effect of lowering his guideline range and the court did not have authority to reduce his sentence. *United States v. Ladejobi*, 2009 WL 926992, *1 (S.D. Miss. April 2, 2009).

In *U.S. v. Caraballo*, a case factually similar to the case *sub judice*, the First Circuit Court of Appeals upheld the district court's denied of a motion for reduction of sentence. *United States v. Caraballo*, 552 F.3d 6, 7 (1st Cir. 2008). Caraballo plead guilty to two counts of possessing crack cocaine with intent to distribute. The district court found that Caraballo's criminal record qualified him as a career offender under U.S.S.G. §4B1.1 and used the career offender base offense level but then applied a three-level credit for acceptance of responsibility. *Id.* at 7. At the sentencing hearing, the district court further reduced his sentence from the guideline sentencing range due to Caraballo's medical condition. *Id.* at 8. Defendant Caraballo filed a § 3582 motion for reduction of sentence arguing that due to the court's downward variance from the guideline range, he was eligible for a sentence reduction. *Id.* The district court denied his motion finding that Caraballo was sentenced as a career offender and therefore, it lacked authority to reconsider the sentence. *Id.* Caraballo appealed. The First Circuit found that "even though Caraballo received a non-guideline range sentence, that had no effect on the sentencing range applicable in

his case. Under an advisory guidelines system, a variance is granted in the sentencing court's discretion after the court has established an appropriately calculated sentencing range." *Caraballo*, 552 F.3d at 11. The *Caraballo* court affirmed the denial of Caraballo's § 3582(c)(2) motion due to the fact the defendant was sentenced as a career offender under § 4B1.1 and therefore, Amendment 706 did not have the effect of reducing his sentence.

In the case presently before the Court, defendant Gaston plead guilty to knowingly and intentionally possessing crack cocaine with intent to distribute. The sentencing steps taken by this Court are similar to those the *Caraballo* court took. Defendant Gaston's criminal record qualified him as a career offender under U.S.S.G. §4B1.1 and he was sentenced as a career offender. This Court then granted him a downward departure. Defendant Gaston would have the Court believe that its downward departure "obviates" the career offender enhancement. However, this Court is of the opinion that the departure has no such effect. Gaston's original base offense level and therefore guideline range was based on his career offender status under U.S.S.G. §4B1.1 and the Court's grant of a downward departure did not disqualify that.

Therefore, as the case law clearly states, when a defendant's sentence was based on guideline ranges applicable to career offenders and not the defendant's base offense level, then Amendment 706 has no effect and will not lower the sentencing ranges. *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 1601, 173 L.Ed.2d 689, 77 USLW 3505 (2009); *United States v. Caraballo*, 552 F.3d 6, 7 (1st Cir. 2008); *United States v. Thomas*, 524 F.3d 889 (8th Cir. 2008) (*per curiam*); *United States v. Ayala-Pizarro*, 551 F.3d 84 (1st Cir. 2008); *United States v. Clay*, 524 F.3d 877 (8th Cir. 2008); *United States v. Forman*, 553 F.3d 585 (7th Cir. 2008) (*per curiam*); *United States v. Ladejobi*, 2009 WL 926992 (S.D. Miss. April 2, 2009).

## C. CONCLUSION

In sum, the Court finds that because defendant Gaston was sentenced as a career offender under U.S.S.G. §4B1.1, the retroactive crack guidelines amendment does not lower his guidelines range. Therefore, the Court has no authority to reduce his sentence. Defendant Gaston's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706, shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the 5 day of August, 2009.

_____
Senior Judge