UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 3:03-cr-00045-GHD-SAA-1

TIMMY GASTON   DEFENDANT

## MEMORANDUM OPINION DENYING
## DEFENDANT'S 18 U.S.C. § 3582 MOTIONS TO REDUCE SENTENCE

Presently before the Court are two motions filed by Defendant Timmy Gaston: a *pro se* motion [32] and amended motion [34] for retroactive application of United States Sentencing Guidelines to crack cocaine offense. The Government has filed a response to the motions, and both motions are ripe for review. Upon due consideration, the Court finds that both motions must be denied.

On May 8, 2003, Defendant Timmy Gaston pleaded guilty to knowingly and intentionally possessing cocaine base (crack) with the intent to distribute. On September 4, 2003, the Court sentenced Defendant pursuant to 21 U.S.C. § 841(b)(1)(A), which statutorily imposes a sentence of not less than ten years but not more than life. At the time of sentencing, Defendant was classified as a career offender with a criminal history level VI. Defendant was subject to a maximum term of life imprisonment; therefore, his base offense level was 37. After a three-level reduction for acceptance of responsibility and a total offense level of 34, Defendant's guideline range was between 262 and 327 months. On August 27, 2003, Defendant received a § 5K1.1 downward departure and was sentenced to 180 months imprisonment.

Defendant urges his motions for a sentence reduction "under 18 U.S.C. § 3582(c)(2) based on retroactive amendments to the Sentencing Guidelines governing crack offenses and

1

based on the Fair Sentencing Act (FSA) of 2010, which amended the statutory penalties under § 841(b), and which the Supreme Court held applied retroactively to defendants sentenced after the effective date of the FSA in *Dorsey v. United States*, 132 S. Ct. 2321, 2335–36 (2012)." *See United States v. Warner*, — F. App'x —, 2014 WL 1652050, at *1 (5th Cir. Apr. 25, 2014) (per curiam). According to the Sentencing Guidelines, "a defendant is not eligible for a reduction if a retroactively applicable amendment to the Guidelines 'does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.' " *Id.* (quoting U.S.S.G. § 1B1.10, p.s., comment. (n.1(A))). The law in the Fifth Circuit is that "[t]he crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *Id.* (quoting *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009) (internal quotation marks omitted)). *Accord United States v. Mock*, 612 F.3d 133, 138 (2d Cir. 2010); *United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010); *United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2009); *United States v. Mateo*, 560 F.3d 152, 154–55 (3d Cir. 2009); *United States v. Perdue*, 572 F.3d 288, 292–93 (6th Cir. 2009); *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009); *United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009) (per curiam); *United States v. Tingle*, 524 F.3d 839 (8th Cir. 2008) (per curiam); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).

Although Defendant acknowledges he was sentenced as a career offender, he presents several arguments in support of reducing his sentencing range to 210–262 months based upon a level 32 and criminal history category of VI.[1] The Court addresses each argument as follows.

First, Defendant argues that the Court has "full discretion to reduce the sentence by whatever amount it deems appropriate to satisfy [*United States v.*] *Booker*." *See* Def.'s § 3582

---

[1] The Court notes that Defendant has presented most of these arguments before in a previously filed § 3582 motion [26], which this Court denied in an Order [28] and memorandum opinion [29] dated August 5, 2009.

Mot. [32] ¶ 5. However, "[t]he principles of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and its progeny do not apply to § 3582(c)(2) proceedings[.]" *United States v. Dunson*, 547 F. App'x 451 (5th Cir. 2013) (per curiam) (citing *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009)). "A district court must consider the § 3553(a) factors and determine whether a reduction is warranted only if the court first finds that a prisoner is eligible for a sentence reduction." *Id.* (citing *Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 2691–2692, 177 L. Ed. 2d 271 (2010)). Thus, Defendant's argument that *Booker* applies to this case is not well taken.

Second, Defendant argues that at sentencing he received a downward departure, which "obviate[ed] the career offender enhancement." *See* Def.'s § 3582 Mot. [32] ¶ 3–4. Defendant cites *United States v. Fleming*, 617 F.3d 252 (3d Cir. 2010) and *United States v. McGee*, 553 F.3d 225 (2d Cir. 2009) in support. However, both cases are distinguished from this case, as in both cases, the defendants were classified as career offenders, but not sentenced as career offenders, and in both cases, the sentencing court actually used the Crack Cocaine Guideline range, not the Career Offender Guidelines range. *See Fleming*, 617 F.3d at 255–56, 258; *McGee*, 553 F.3d at 226. Because each defendant's sentence was based on the sentencing guidelines range and not the career offender provisions, both defendants were ultimately determined to be eligible for sentencing reductions pursuant to the revised sentencing guidelines. Here, Defendant was sentenced as a career offender, and thus, the crack cocaine guideline amendments do not apply to him. Thus, his arguments in this respect are not well taken.

Third, Defendant cites a recent opinion by the United States District Court for the Eastern District of Pennsylvania, *United States v. Ware*, 840 F. Supp. 2d 850 (E.D. Pa. Jan. 9, 2012), which Defendant contends "granted a [d]efendant, who qualified for career offender status, to a

3

reduction of sentence under [§ 3582(c)(2)]." *See* Def.'s § 3582 Am. Mot. [34] ¶ 3. That decision was reversed by the Third Circuit Court of Appeals, which held that Ware was not eligible for a reduction in sentence. The Third Circuit explained: "Under the Commentary [to § 1B1.10], the 'applicable guideline range' for [Ware] would be the guideline range reflecting [his] career offender designation[ ], which [was] not affected by" the crack cocaine amendments. *United States v. Ware*, 694 F.3d 527, 532 (3d Cir. 2012) (emphasis in original). The Third Circuit held that: "[T]he Sentencing Commission's Commentary defining 'applicable guideline range' in such a manner as to exclude ranges determined as the result of variances and departures is not at odds and is not in conflict with the plain language of § 3582(c)(2) and is therefore binding on the District Courts." *Id.* at 534. Because the Third Circuit determined the Commentary to be valid, Ware was not entitled to a reduction in his sentence. *Id.* Thus, *United States v. Ware* is not helpful to this Defendant's argument.

Finally, the Court notes that it has received correspondence from Defendant with enclosed notes and certificates documenting Defendants' extensive self-improvement achievements while incarcerated. Defendant has completed several programs and has participated in the work program while incarcerated. Section 3582 permits a defendant to move, under certain circumstances, for discretionary modification of his sentence if it was based on a sentencing range that the Sentencing Commission later lowered. *See* 18 U.S.C. § 3582(c)(2); *United States v. Doublin*, 572 F.3d 235, 237–38 (5th Cir. 2009); U.S.S.G. § 1B1.10, p.s. As stated above, because Defendant was sentenced as a career offender, the crack cocaine guideline amendments do not apply to him, and this Court is unable to lower his sentence as a result. However, the Court appreciates Defendant's efforts to improve himself and make the most of his

life and hopes that Defendant will continue these self-improvement achievements while he is incarcerated.

Because in the case *sub judice* Defendant was determined to be a career offender and his guideline range was based on the career offender guidelines, this Court holds in accordance with Fifth Circuit precedent that Defendant's motions filed pursuant to 18 U.S.C. § 3582, [32] and [34], must be denied.

A separate order in accordance with this opinion shall issue this day.

THIS, the 15th day of May, 2014.

_____
SENIOR JUDGE